**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JANE DOE** | * | **CIVIL ACTION** |
| **Plaintiff,** | * | **NO. _____** |
| **VERSUS** | * | **SECTION _____** |
| **OCHSNER CLINIC FOUNDATION and GENERAL ELECTRIC COMPANY** | * | **MAGISTRATE ____** |
| **Defendants.** | * | |
| | * | |
| | * | |
| | * | |

## <u>NOTICE OF REMOVAL</u>

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

APPEARING through undersigned counsel pursuant to the provisions of 28 U.S.C. § 1332(a) and 1441, *et seq.*, General Electric Company (hereafter "General Electric"), a defendant, respectfully removes from the Civil District Court for the Parish of Orleans, State of Louisiana, in which this case is now pending under the name and style *Jane Doe versus Ochsner Clinic Foundation,* Civil Action No. 2011-4262, Division H (hereinafter referred to as the "State Court Action"), to the United States District Court for the Eastern District of Louisiana. In support of this Notice of Removal, Defendant avers as follows:

This matter is being removed by Defendant, General Electric, on the basis of diversity under 28 U.S.C. § 1332(a) because the only properly joined parties to this action have diverse citizenship and the jurisdictional amount in controversy is satisfied.  Defendant, General Electric, is a citizen of a different state from the plaintiff.   The other defendant, Ochsner Clinic

Foundation (hereinafter "Ochsner"), was improperly joined, because it is a qualified health care provider under the Louisiana Medical Malpractice Act, and is allegedly liable for medical malpractice, and as such is subject to review by a medical review panel prior to being made a defendant.

This action is a civil action at law in which Plaintiff alleges that she was exposed to the risk of infectious diseases, namely HIV, hepatitis B and hepatitis C, during the course of an endoscopic examination.   Plaintiff alleged in her Class Action Petition for Damages that Ochsner, a hospital, "failed to sterilize properly the endoscope that was utilized in Petitioner's endoscopic ultrasound procedure" which resulted in the alleged exposure.[1]   Plaintiff filed a Supplemental and Amending Class Action Petition for Damages adding claims against General Electric.[2]   In her Supplemental and Amending Petition, Plaintiff alleged that General Electric "failed to sterilize properly the endoscope that was utilized in Petitioner's colonoscopy[.]"[3] Plaintiff also alleges that other people were affected by the purported acts of the defendants, and seeks certification of a class of such persons.[4]

The plaintiff named in this action utilizing the fictitious name of "Jane Doe" claims residency in Orleans Parish, Louisiana.[5]

General Electric is a New York corporation with its principal place of business in the State of Connecticut.[6]

---

[1] *See* Plaintiff's Class Action Petition for Damages, ¶ 10, attached hereto as Exhibit "1".
[2] *See* Supplemental and Amending Class Action Petition for Damages, attached hereto as Exhibit "2."
[3] *See* Exhibit 2 at ¶ 11.
[4] *See* Exhibit 2, at ¶ 18.
[5] *See* Exhibit 2, ¶ 1.
[6] *See* Entries for General Electric Company, from New York Secretary of State, Corporations Database and Connecticut Secretary of State, Corporations Database, attached hereto as Exhibit "3".

Ochsner Clinic Foundation is a Louisiana non-profit corporation with its principal place of business in Louisiana.[7]   For purposes of this Notice of Removal, the state of citizenship of Ochsner is irrelevant, as that party was improperly joined (*see infra*).

This Court, the Honorable Sarah Vance presiding, has recently ruled against remand in two cases that are, in all material respects, identical to this matter.  *See Taylor v. Ochsner Clinic Found.*, No. 11-1926 (E.D. La. Dec. 9, 2011), 2011 U.S. Dist. LEXIS 142122.   The same reasoning that applied in favor of finding against remand in those cases supports the removal of this case.

**A.     Complete diversity exists between the plaintiff and the properly joined defendant, General Electric.**

On the face of the state court record, complete diversity of citizenship between the plaintiff and all defendants would appear to be lacking.   However, Ochsner was improperly joined, because the claims against the hospital defendant was subject to the Louisiana Medical Malpractice Act, La. R.S. 40:1299.41, *et seq.* and therefore review by a medical review panel is required before Plaintiff could name Ochsner as a defendant in a district court matter.  If Ochsner is disregarded as improperly joined, complete diversity exists between the plaintiff, a citizen of Louisiana, and Defendant, General Electric, a citizen of New York and Connecticut.

**1.      Ochsner was improperly joined.**

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is

---

[7] *See* Louisiana Secretary of State, Corporations Database, entry for Ochsner Clinic Foundation, attached as Exhibit "4."

brought."   An in-state defendant is improperly joined with other defendants, and should be disregarded for the purpose of determining diversity of parties, when there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that defendant]." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

        **a.**      **A lawsuit against Ochsner is premature before a decision is reached by a medical review panel.**

Plaintiff has alleged that Ochsner was responsible for the sterilization of medical instruments, including the endoscope allegedly utilized in her colonoscopy.[8]   The failure to properly sterilize an endoscope is properly classified as a "failure to render fit for surgery the required medical tools."[9]   Thus, Plaintiff is actually claiming deficiencies within the provision of medical care by Ochsner, which are properly classified as medical malpractice.  *See id.*  Ochsner is a qualified healthcare provider as defined by the Louisiana Medical Malpractice Act (hereinafter "LMMA"), and, as such, is subject to protection afforded to qualified healthcare providers under that law.

Ochsner's status as a qualified healthcare provider is demonstrated by its certificate of enrollment in the Patients' Compensation Fund.[10]   Louisiana courts hold that such certificates are "competent evidence to establish a prima facie case for the applicability of the medical malpractice law regarding claims against the party identified on the certificate." *Roark v. Liberty Healthcare Sys., LLC*, 26 So. 3d 968, 973-974 (La.App. 2 Cir. 2009) (*citing* La. R.S. 13:3711, 3712; *Hill v. Brentwood Hosp.*, 480 So.2d 875 (La. App. 2d Cir. 1985); *Goins v. Texas Optical, Inc.*, 463 So.2d 743 (La. App. 4th Cir. 1985)).

---

[8] *See* Exhibit 2, ¶ 11.
[9] *Taylor v. Ochsner Clinic Found.*, No. 11-1926 (E.D. La. Dec. 9, 2011), 2011 U.S. Dist. LEXIS 142122, at *23.
[10] *See* Certificate of Enrollment in a Patients' Compensation Fund for Ochsner Clinic Foundation, attached hereto as Exhibit 5.

In general, any conduct by a hospital complained of by a patient is properly within the scope of the LMMA if it can be said that it comes within the definitions of the act, even though there are alternative theories of liability.   See *Dominick v. Rehabilitation Hospital of New Orleans,* 97-2310 (La. App. 4 Cir. 4/15/98); 714 So. 2d 739, *Dinat v. Texada,* 09-665 (La. App. 3 Cir. 2/10/10), 30 So. 3d 1139; *Cashio v. Baton Rouge General Hospital,* 378 So.2d 182 (La. App. 1st Cir. 1979).  If this Court finds the provisions of the LMMA apply, Plaintiff's Petition for Damages is premature.  See La. R.S. 40:1299.47.

The LMMA defines malpractice covered by the Act as follows:

> ***any*** unintentional tort or any breach of contract ***based on health care professional services rendered***, ***or which should have been rendered by a health care provider to a patient***, ***including failure to render services timely in the handling of a patient***, including loading and unloading of the patient and ***also includes all reasonable responsibilities of a health care provider arising from acts and omissions in the training or supervision of health care providers*** or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient. (Emphasis added).

La. R.S. 40:1299.41(A)(13) (emphasis added).

In *Cashio, supra,* the plaintiffs filed suit after a patient died from a staph infection contracted during coronary bypass surgery. The plaintiffs, much like the plaintiffs in this case, attempted to circumvent the LMMA by filing a lawsuit rooted upon the duty owed by a premises owner under La. C.C. art. 2317.  Defendant filed an exception of prematurity.  In reversing the trial court, the First Circuit held that the LMMA applied because "treatment" and thus "health care" includes furnishing a clean and sterile environment. *Cashio,* 382 So.2d at 184.  The court rejected plaintiffs' argument that the LMMA did not apply because the hospital was being sued as a premises owner rather than health care provider and because the hospital could be strictly liable under La. C.C. art. 2317.  Moreover, the Court specifically noted "a plaintiff cannot

control the progress and procedure of his claim by semantically designating one capacity of two or more belonging to the defendant as the desired one when the statute requires a procedure if the claim fits within its definition." *Cashio,* 382 So.2d at 185.  In her Petition for Damages and Supplemental and Amending Petition for Damages, Plaintiff has alleged that Ochsner is liable under Civil Code article 2317 for harm caused by objects in its *garde*, however, as in *Cashio,* this case is rooted in medical malpractice and as such, allegations of premises liability or any other general negligence theory cannot circumvent the LMMA.

Aside from *Cashio,* other courts have found allegations centering on or arising out of medical equipment issues constitute medical malpractice. *Renz* v. *Ochsner Foundation Hospital/Clinic,* 420 So.2d 1008 (La. App. 5th Cir. 1982); *Richardson* v. *Advanced Cardiovascular Systems, Inc.,* 865 F.Supp. 1210 (E.D. La. 1994). In *Renz,* the court held allegations pertaining to the malfunction of a medical life support system is part of "professional services rendered" and thus falls within the definition of malpractice.  *Renz,* 420 So. 2d at 1010. In *Richardson,* the court found allegations concerning the failure of a balloon during an angioplasty procedure fit within the definition of "malpractice" and thus the plaintiffs' petition for damages was premature.  Courts examining these issues focus on Plaintiff's allegations in their entirety and not any single allegation standing alone. *Taylor* v. *Christus Southwestern Louisiana,* 04-627 (La. App. 3 Cir 11/10/04); 886 So.2d 696.

The scope of acts and omissions that are "treatment related" include maintaining safeguards to ensure the safety of vulnerable patients, as well as providing medical care consistent with appropriate standards.  *See Meseke v. St. Francis Medical Center,* 40,317 (La. App. 2 Cir. 10/26/05), 914 So. 2d 136, 139 (the scope of activities that were covered by the

LMMA included responding to a patient's call for assistance and transporting him to the bathroom).

In two cases before this Court that are identical to the instant matter in all respects material to the propriety of removal, *Taylor, et al v. Ochsner Clinic Foundation, et al,* No. 2:11-cv-1926, and *John Doe, et al v. Ochsner Clinic Foundation, et al,* No. 2:11-cv-2221, this Court, the Honorable Judge Sarah Vance presiding, recently answered the question of whether Ochsner would be improperly joined if the plaintiff had not obtained the opinion of a medical review panel pursuant to the LMMA before filing suit.

In *Taylor* and *Doe,* as here, removal was based on diversity, which was conditioned upon a finding of improper joinder of the non-diverse defendant, Ochsner.  *See Taylor v. Ochsner Clinic Found.*, No. 11-1926 (E.D. La. Dec. 9, 2011), 2011 U.S. Dist. LEXIS 142122.  As in this case, the alleged liability of Ochsner was based upon its status as the medical service provider who administered endoscopies with instruments that were allegedly not properly sterilized.  *Id.* The plaintiffs in *Taylor* and *Doe* attempted, through artful pleading, to allege their case as one not arising under medical malpractice, and fashioned their arguments in favor of remand accordingly.  Judge Vance found that the "language and logic" of the LMMA, and a fair analysis under relevant jurisprudence, required a finding that the claims arose in medical malpractice.  *Id.* at *24.  Therefore, the LMMA required the plaintiffs to pursue review by a medical review panel before filing suit, the lawsuit against the non-diverse defendants was premature, and the matter was properly removed.  *Id.*

Further, as noted by the Court in *Taylor v. Ochsner Clinic Found.*, No. 11-1926 (E.D. La. Dec. 9, 2011), 2011 U.S. Dist. LEXIS 142122, at *9, Fifth Circuit case law demonstrates that when a plaintiff has failed to satisfy administrative requirements before bringing suit against in-

state defendants, those defendants are improperly joined, and their citizenship can be ignored for diversity purposes. *See Melder v. Allstate Corp.*, 404 F.3d 328, 331-32 (5th Cir. 2005) (upholding federal jurisdiction when a sole nondiverse defendant was joined before plaintiffs had pursued administrative remedies provided by the Louisiana Administrative Code, and finding "no reasonable basis" that plaintiffs might recover against that defendant); *Holder v. Abbott Labs, Inc.*, 444 F.3d 383, 387-88 (5th Cir. 2006) (finding improper joinder of in-state physicians sued before plaintiffs complied with the procedural exhaustion requirements of the National Childhood Vaccine Injury Act). Although the Fifth Circuit has not yet applied this reasoning to a case involving an alleged failure to comply with the LMMA's procedural requirements, other federal district courts in Louisiana have done so. *See Jones v. Centocor, Inc.,* 2007 U.S. Dist. LEXIS 84717, at *2-3 (E.D. La. 2007) (applying *Melder* and *Holder* and denying remand when a plaintiff joined an in-state defendant before presenting her claims to a medical review panel); *Senia v. Pfizer, Inc.*, 2006 U.S. Dist. LEXIS 32555, at *9-12 (E.D. La. 2006) (same).

> **b.   The *Coleman* factors warrant dismissal of Plaintiff's claims against Ochsner as premature.**

The Louisiana Supreme Court set forth six factors in *Coleman* v. *Dena,* 2001-1517 (La.1/25/02); 813 So. 2d 303, to assist courts in determining whether certain conduct by a qualified health care provider constitutes malpractice as defined under the LMMA.[11]   The *Coleman* factors are:

> a)  whether the injury was treatment related or caused by dereliction of professional skill;
>
> b)  whether the wrong requires expert medical evidence to determine whether the applicable standard of care was breached;

---

[11] The *Coleman* factors have recently been interpreted by this Court in a similar case involving claims for alleged improperly sterilized endoscopy equipment in *Taylor v. Ochsner Clinic Found.*, No. 11-1926 (E.D. La. Dec. 9, 2011), 2011 U.S. Dist. LEXIS 142122.

c) whether the act involved assessment of the patient's condition;

d) whether the incident occurred in the context of the physician patient relationship or was within the scope of activities which a hospital is licensed to perform;

e) whether the injury would have occurred if the patient had not sought treatment; and

f) whether the tort was intentional.

*Coleman,* 813 So.2d at 315-316.

### i. As pled, the alleged injury was treatment related and/or caused by an alleged dereliction of professional skill.

Health care is defined in Louisiana Revised Statue 40:1299.41 as "any act or treatment performed or furnished, or which should have been performed or furnished by any health care provider for, to, or on behalf of the patient during a patient's medical care, treatment or confinement."  One of the principal duties owed by a hospital to its patients is the furnishing of a clean and sterile environment. Indeed, the furnishing of such an environment is an integral component of the treatment which hospitals provide to their patients. *Cashio,* 378 So.2d at 184 (holding the definition of treatment includes "the furnishing of a clean and sterile environment for all patients"). There can be no dispute that allegations concerning a hospital's failure to provide a clean and sterile environment, which is the essential allegation in this case, amount to an alleged dereliction of professional skill related to the treatment of patients.

### ii. Expert medical evidence is needed to determine if appropriate standard of care was breached by Ochsner.

The standard of care required of a hospital in providing for sterility of its facility and the equipment utilized in endoscopic procedures is not common knowledge and cannot be inferred by a lay jury. This is evidenced by the fact that a lay jury would not be familiar with local, state and internal regulations and procedures for ensuring the sterility of a hospital and its equipment.

Expert testimony will be needed to establish the standard of care in preparing for and in performing endoscopic procedures and whether there was a breach of the standard of care in the methods it utilized in performing the procedures at issue.

### iii. Alleged act or omission involved assessment of the patient's condition.

While one may argue a patient's contraction or fear of contraction of a serious illness, such as hepatitis or HIV, does not involve the assessment of a patient's condition, the allegations in Plaintiff's Petition establish that the purported negligence and claimed damages occurred in conjunction with the treatment and assessment of Plaintiff, during the endoscopic procedure at issue.

### iv. Alleged incidents took place in context of physician-patient relationship and within the scope of activities which a hospital is licensed to perform.

The fourth *Coleman* factor is satisfied as there can be no dispute that the very procedure at issue in this case constitutes and is within the scope of activity which Ochsner is licensed to perform.

### v. Any alleged injuries would not have occurred in this manner if the patient(s) had not sought treatment at Ochsner's facility.

As specified in her Supplemental and Amending Petition, Plaintiff was a purported patient at the Ochsner Clinic Foundation Hospital receiving medical treatment.[12] As such, common sense indicates that a claim based on failure to properly perform the endoscopic procedure, i.e. provide adequate care for patients, is specifically linked to treatment. *Coleman*, 813 So.2d at 315.

### vi. The alleged tort was not intentional.

---

[12] *See* Exhibit 2, ¶7.

The sixth and final *Coleman* factor is satisfied as Plaintiff does not allege the Ochsner Defendants committed an intentional tort.

Applying all of the *Coleman* factors to the facts and allegations of this case establishes the plaintiff is alleging an unintentional tort based on the professional services that a hospital is licensed to perform, or which should have been rendered by the Ochsner Defendants to their patients. As such, the Louisiana Medical Malpractice Act applies to this matter.

**B.      The jurisdictional amount for removal under 28 U.S.C. § 1332(a) is satisfied.**

In order for federal jurisdiction to be present under 28 U.S.C. § 1332(a), the amount in controversy for at least one plaintiff must exceed $75,000.  The defendant need only show by a preponderance of the evidence that the jurisdictional amount is met.  *Gibson v. Canal Ins. Co.*, 2004 U.S. Dist. LEXIS 4666 (E.D. La. Mar. 18 2004).  A defendant can meet this burden either by showing that it is facially apparent from the nature and amount of the claims that they are likely to be above the requisite amount, or by setting forth the facts which would support a finding of the requisite amount.  *Id.*

Under La. C.C.P. Art. 893(a)(1) as amended by Acts 2004, No. 334, **if a claim is for less than the requisite amount for the exercise of federal jurisdiction, plaintiff is <u>required</u> to so allege in the petition**. Here, the Petition for Damages contains no such limitation.  This omission may be taken into account to tend to show that the claim is intended to exceed the federal jurisdictional amount.  *See Haydel v. State Farm Mut. Auto. Ins. Co.*, 2008 U.S. Dist. LEXIS 122272 (M.D. La. June 10, 2008) at *21 ("this court has held that the failure to make such an allegation is not, in and of itself, determinative of the amount in controversy; however, such failure is entitled to 'some consideration' in making the jurisdictional amount determination").

Further the facts pled in the petition, taken as true for this purpose, support finding that the jurisdictional amount is met. Plaintiff alleges that the putative class members were negligently exposed to "HIV, Hepatitis B and Hepatitis C."[13]

- In *Cotita v. Pharma-Plast, U.S.A., Inc.*, 974 F.2d 598 (5th Cir. 1992), while providing nursing services to an AIDS patent, a nurse was stuck by a syringe manufactured by the Defendant. The syringe, still in its sterile packaging, was missing the protective cap that normally covers the tip of the needle. Because of the presence of the patient's blood on the nurse's gloves at the time of the stick, the plaintiff feared exposure to the HIV virus. Although reduced by comparative fault, the jury award was in the amount of **$150,000.00.**

- In *Emery v. Owens-Corporation*, 00-2144 (La. App. 1 Cir. 11/9/01), 813 So.2d 441, the jury awarded **$200,000** for his past, present & future mental anguish which included plaintiff's fear of contracting cancer as a result of his exposure to asbestos. Plaintiff had suffered asbestosis.

- In *David v. Our Lady of Lake Hosp., Inc.* 2002-1945 (La. App. 1 Cir. 6/27/03), 857 So.2d 529, the trial judge awarded plaintiff, who had contracted hepatitis C, **$632,000** for mental pain and suffering; and **$895,000** for emotional distress, fear of cancer, and loss of enjoyment of life.

- In *Dodson v. Community Blood Center*, 633 So.2d 252 (La. App. 1st Cir. 1993), the trial judge awarded **$275,000** due to contracting hepatitis C through blood transfusions. $50,000 was for loss of enjoyment of life and past pain and suffering, $75,000 was for past mental anguish, and $150,000 was for future mental anguish.

---

[13] Exhibit 2, ¶ 12.

In light of the foregoing, once again, accepting Plaintiff's allegations as true for this purpose, by a preponderance of the evidence, Plaintiff has placed into controversy in excess of $75,000, satisfying the jurisdictional amount in controversy under 28 U.S.C. § 1332(a).

**D.      This removal is timely.**

This suit was filed on or about April 20, 2011, in the Civil District Court, in and for Orleans Parish, Louisiana. General Electric was added as a defendant through the Supplemental and Amending Class Action Petition for Damages in the filing of November 14, 2011. On December 7, 2011, General Electric was advised by Ochsner's counsel of that filing and was served on that same date.[14]   Fewer than 30 days have passed since the date the initial pleadings for the State Court Action were filed, thus, this Notice of Removal was timely filed within the 30-day deadline set forth in 28 U.S.C. §1446(b).

**E.      Conclusion**

This action is one over which the district courts of the United States are given original jurisdiction. The value of the matter in controversy exceeds $75,000. There is complete diversity of citizenship between the plaintiff and the properly joined defendant. The properly joined defendant is not a citizen of the State of Louisiana. The time within which removal must be effected has not expired.

A list of all parties, and all attorneys and the parties they represent, in the state court proceedings is attached to this Notice as Exhibit "7".

Under 28 U.S.C. §1446(a), the removing defendant must file "a copy of all process, pleadings and orders served upon such defendant or defendants in such action." A certified copy of the entire state court record has been obtained from the Clerk of Court for the Civil District

---

[14] *See* Citation to General Electric, attached hereto as Exhibit 6.

Court for the Parish of Orleans, and is attached *in globo* as Exhibit "8". The record contains a complete set of all process, pleadings and orders served on defendants in the state court action.

Written notice of this removal has been served on counsel for Plaintiff, Ochsner Clinic Foundation by facsimile transmission, and by placement in the United States Mail, properly addressed and postage pre-paid.

A copy of this removal is being filed with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana, by hand delivery.

ACCORDINGLY, the defendant, General Electric Company, asks that this matter proceed in the United States District Court for the Eastern District of Louisiana, as a matter properly removed.

Respectfully Submitted,

**COTTEN SCHMIDT & ABBOTT, L.L.P.**

s/Charles H. Abbott
**CHARLES H. ABBOTT**     (La.  Bar No. 27930)
**BYRON D. KITCHENS**     (La.  Bar No. 25129)
**RYAN C. WALLIS**        (La.  Bar No. 28259)
650 Poydras Street, Suite 2810
New Orleans, Louisiana  70130
Telephone:  504/568-9393
Facsimile:    504/524-1933
**Counsel for General Electric Company**